IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH THOMPSON, | ) | |
| #501011980, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:11-CV-258-ID |
| | ) | [WO] |
| | ) | |
| THE RUSSELL COUNTY SHERIFF | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action is before the court on a 42 U.S.C. § 1983 complaint filed by Joseph

Thompson ["Thompson"], a county inmate and frequent federal litigant, on April 7, 2011.

In this complaint, Thompson maintains that on or about February 25, 2011, medical

personnel at the Russell County Jail allowed a correctional officer and nursing student, Sgt.

McKennon, to attempt to draw blood from him. *Plaintiff's Complaint - Court Doc. No. 1*

at 3. Thompson asserts Sgt. McKennon's effort to draw blood "was unsuccessful and left

[his] arm bruised [and caused him] .... great pain." *Id.* Thompson also complains that

members of the jail staff improperly opened two pieces of his legal mail. *Id.* Finally,

Thompson challenges the case number assigned to criminal charges currently pending

against him before the Circuit Court of Russell County, Alabama. *Id.*

Upon his initiation of this case, Thompson filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2.* However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The records of this and other federal courts establish that Thompson, while incarcerated or detained, has on at least three occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit. The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are: (1) *Thompson v. Lamberti, et al.*, Case No. 0:10-CV-62479-CMA (S.D. Fla. 2011); (2) *Thompson v.*

---

[1]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

*Upshaw, et al.*, Case No. 2:09-CV-210-TMH-SRW (M.D. Ala. 2009); and (3) *Thompson v. Barbour County Sheriff's Dept., et al.*, Case No. 2:08-CV-932-TMH-SRW (M.D. Ala. 2009).

In the instant complaint, as amended, Thompson challenges an attempt to draw blood in February of 2011, two instances of his legal mail being opened, and the case number(s) assigned pending criminal charges.  These allegations fail to demonstrate  that Thompson was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of  28 U.S.C. § 1915(g).).  Based on the foregoing, the court concludes that Thompson's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice, as Thompson failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

**CONCLUSION**

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Joseph

Thompson on April 7, 2011 (Court Doc. No. 2) be and is hereby DENIED. Additionally,

it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without

prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before July 21, 2011, the parties may file objections to the

Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

DONE, this 7th day of July, 2011.


/s/ Susan Russ Walker                                  
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE